White, J.
The writ in this case is founded on the act of April 6,1866, providing for the payment of local bounties to volunteers, under the calls of the president of July 2 and August 4,1862; and its object is to compel the respondents to levy a tax for the payment of the unpaid bounties, due volunteers from Holmes county, under that act. 63 Ohio L. 155.
The respondents, in their answer to the alternative writ, set up three grounds, each of which, they claim, constitutes a clause sufficient in law for refusing to award a peremptory writ. These-grounds are as follows:
1. That the act is in violation of section 28, article 2, of the constitution of the state.
2. That the time within which the act required the tax to be *565 levied was limited to the year 1866; and that the act has, therefore, by lapse of time, become inoperative.
3. That the levying of the tax is left, by the act, to the discretion •of the commissioners.
We are unanimous in the opinion:
1. That the act in question is not void, as being repugnant to .section 28, article 2, of the constitution. Its validity does not depend, as counsel for the respondents assume in their argument, •on the existence of power in the legislature to create a contract between the county and the volunteers; nor is it an act which impairs vested rights, or the validity of contracts. The authority for the act is found in the general grant of legislative power, which includes taxation in all its forms, both local and general, unless restricted by other parts of the constitution.
The constitutionality of laws of the nature of the one in question, and the grounds on which they rest, were declared in Cass Township v. Dillon, 16 Ohio St. 39, which counsel in the present •case seem to have overlooked.
The decision in that case is decisive of the present question. The taxes in that case were levied to refund bounties which had *been previously and voluntarily paid. The taxes required to be levied by the respondents are to be paid to the volunteers ■directly. The principle, on the question of constitutional authority, in both cases is the same.
2. The performance of the duty enjoined, by the act, on the commissioners to levy the tax, is not limited to the year 1866.
The intention of the legislature was to invest the volunteers, in the counties to which the act applies, with the right to the bounty; and it was not intended to make the right dependent on the mere ■choice and pleasure of the commissioners. If it had been designed to make right depend upon the ojrtion of the commissioners, the imperative language found in the statute would not have been used. A contrary construction would give the act a capricious operation. Its enforcement in the several counties, under a similar state of fact, would depend upon the particular views that might be entertained by the commissioners of the respective counties, as to its validity, policy, or justice.
In requiring the tax to be levied and the bounties to be paid, the .act is imperative; in prescribing the time within which the levy is ¡to be made, it is directory. The neglect or refusal of the commis *566 sioners to levy the tax within the time required, will not deprivet the volunteers, who had no control over the commissioners and are not responsible for their default, of the bounty the act was passed to confer. The neglect of the commissioners to perform their duty at the time required can not nullify the act. The People v. The Supervisors of Chenango, 4 Selden, 317, 330.
The taxes levied under the act are to be placed on the duplicate and assessed as other taxes against the taxable property for the year in which the levy is made. ,The reason for directing the levy to be made upon the grand list for 1866, was the expectation that the act would be obeyed; and if it had been, the property on the duplicate of that year would have been the only property that could have been assessed.
The object of the direction to make the levy upon the property on the list for the year 1866, was not to discriminate between the taxable property of that year and the taxable property of other years, with the view of laying the burden *on the specific property that was on the duplicate in 1866, and of exonerating the taxable' property of other years, but to point out the taxable property of the county, as the source from which the money was to be raised under the provisions of the act.
3. The act applies to all the counties in which the system of paying bounties as therein described had been adopted, and the levying of the tax is enjoined as a duty upon the boards of commissioners of such counties. In determining whether such system of paying bounties had been adopted in any county, the board acts in a ministerial and not" in a judicial capacity. It is no answer to the alternative writ, that the resiDondents set up that they were unable, after investigation, “ to conclude that the system of paying bounties described in the act had been adopted in Holmes county.” And this is especially so, as they claim to justify their alleged dereliction on the ground that the statute imposing the duty is inoperative for any purpose.
If the facts existed which made the statute applicable to their county, they were bound to ascertain the facts correctly, and to perform the duty which the statute enjoined; as much so as the sheriff is bound to determine correctly on whom, or on what property, to serve or execute process.
The carrying out of the details under the statute, and the passing upon the claims of particular individuals, and the distribution of *567 the funds when raised, may involve matters of judgment and discretion, which should be left to the commissioners, subject of course to be reviewed, or appealed from, by the ordinary course of proceeding.
But, however this may be, we regard the writ of mandamus as. a proper remedy to set the commissioners in motion, and to compel them to proceed under the statute, without, however, thereby undertaking to control the exercise of their judgment and discretion, in matters of detail that may arise. Hull v. The Supervisors, 19 Johns. 259 ; Bright v. The Supervisors, 18 Johns. 242 ; The People v. Mead, 24 N. Y. 122, 123 ; Moses on Mandamus, chap. 17.
*The case will stand for trial on the issues of fact.
Day, C. J., and Welch, Brinkerhoee, and Scott, JJ., concurred.